# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1192V
Filed:  June 16, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CHARLES K. RICE, | |
| Petitioner, | Ruling on Entitlement; Concession; |
| v. | Influenza or Flu Vaccine; Shoulder |
| | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Patrick Austin, Esq.*, Virginia Beach, VA, for petitioner.
*Michael Milmoe, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On December 11, 2014, Charles K. Rice filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that he suffered a shoulder injury caused by the influenza vaccine he received on November 8, 2012.  Petition, ¶¶ 12. Petitioner also alleges that his injuries lasted more than six months and that he continues to suffer the residual effects of his injury.  *Id.*, ¶ 11.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 15, 2015, respondent filed her Rule 4(c) report in which she concedes "that this case is appropriate for compensation"  Respondent's Rule 4(c) Report at 1. Specifically, respondent "has concluded that petitioner's alleged injury is consistent with SIRVA, and that it was caused in fact by the flu vaccine he received on November 8,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

2

2012." *Id.* at 3.  Furthermore, respondent agrees that no other cause for petitioner's SIRVA exists, and "petitioner met the statutory requirements for entitlement to compensation." *Id.* at 3-4.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master